IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID D. RAMOLIA, | § | |
| *Plaintiff*, | § § § | |
| VS. | § | Case No. 4:13-CV-272 |
| HSBC BANK, USA, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-HE3, | § § § § § § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER ABATING PRETRIAL DEADLINES

Now before the Court is Defendant HSBC Bank, USA, National Association, as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2007-HE3 ("HSBC")'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 7). As set forth below, the Court finds that the motion should be GRANTED and that this case should be dismissed for failure to state a claim.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter arises from that Plaintiff David D. Ramolia's purchase of real property located at 227 Zachary Walk, Murphy, Collin County, Texas 75094 ("the Property"). On or about September 29, 2006, Ramolia and his wife simultaneously executed a deed of trust ("the Deed of Trust") and promissory note ("the Note") in the amount of $368,000.00 in favor of the original lender Resmae Mortgage Corporation ("the Original Lender") to acquire the Property. Dkt. 3 at ¶ 6-9. The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the

Deed of Trust's beneficiary. *Id.* at ¶ 10. MERS then assigned its interest in the Deed of Trust to Defendant HSBC on or about June 15, 2011. *Id.* at ¶ 13.

Plaintiff and his wife apparently defaulted on the loan sometime in 2012, and HSBC initiated foreclosure proceedings and ultimately purchased the Property on July 3, 2012. Dkt. 3 ¶ 28.

Plaintiff then filled his Petition in Collin County District Court on April 10, 2013, seeking a temporary restraining order and injunctive relief against eviction and declaratory relief as to HSBC's rights and status under the Deed of Trust.

Plaintiff alleges that the Deed of Trust only conferred the power of sale upon the Note holder and that the Deed of Trust does not identify a mortgage servicer as a party conferred with the power of sale. *See* Dkt. 3 ¶¶ 17-18. Plaintiff argues that HSBC had no authority to foreclose on the Property or to seek possession through forcible detainer proceedings. *Id.* at ¶¶ 36-37. In his petition, he seeks a declaration from this Court as to the rights and status under the Deed of Trust and an injunction against eviction.

HSBC answered on May 9, 2013, and removed the matter to this Court on May 16, 2013. Defendant now seeks dismissal of the claims against it.

In its motion to dismiss, HSBC first argues that it is entitled to foreclose on the Property under the Deed of Trust. HSBC further argues that Plaintiff lacks standing to challenge the assignment of the Note or Deed of Trust because he is not a party to the assignment of the Note or Deed of Trust.

## LEAVE TO AMEND

Defendant filed its motion on August 7, 2013. When no response was timely filed, the Court issued an order notifying Plaintiff that if he did not file a response by September 11, 2013, the Court would assume that he was not opposed to the relief requested and proceed accordingly. *See* Dkt. 10. With leave of Court, Plaintiff finally filed a response on September 12, 2013. *See* Dkt. 13. In addition to opposing dismissal and setting forth his grounds for entitlement to relief, Plaintiff also requested leave to amend his pleadings. In an October 1, 2013 order, the Court granted him such leave, stating that if Plaintiff wanted the Court to consider an amended pleading prior to the consideration of the pending motion to dismiss, he should file it within 10 days or that the Court would proceed by considering Plaintiff's live complaint. *See* Dkt. 18.

No amended complaint was filed, no attempts at amendment have since been made, and the deadline to file amended pleadings has passed. *See* Dkt. 11. The motion to dismiss is therefore ripe for resolution.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may

not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

The Court finds that the facts before the Court state no justiciable claim. Challenges like Plaintiff's to parties' rights to foreclose have been consistently rejected in this Circuit. *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249, 255 (5th Cir. 2013) ("The split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *Casterline v. OneWest Bank, F.S.B.*, 537 Fed. Appx. 314,

317 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to foreclose to another party, including OneWest."); *Wigginton v. Bank of New York Mellon*, 488 Fed. Appx. 868, 870 (5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split-the-note theory).

Although Plaintiff "contends that Defendant has no demonstrable rights in the note, directly as a Holder in Due Course, or indirectly as a mortgage servicer," *see* Dkt. 13 at ¶6, such does not state a claim. Indeed, Plaintiff's claims as to who held the Note lack merit, as "foreclosure statutes simply do not require possession or production of the original note." *Martins*, 722 F. 3d at 253. *See also Casterline*, 537 Fed. Appx. at 318 ("Texas law did not require OneWest to present the original Note to foreclose on Casterline's property."); *Hall v. BAC Home Loans Serv., L.P.*, 2013 WL 5515144, 3 (5th Cir. 2013) (the plaintiff's "characterization of Texas law is incorrect—it simply was not necessary for BAC to possess the note to foreclose."); *Epstein v. U.S. Bank Nat. Ass'n*, 2013 WL 5340766, 3 (5th Cir. 2013).

As one court explains:

> Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. It is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding.

*Wells v. BAC Home Loans Serv., L.P.*, 2011 WL 2163987, 2 (W.D. Tex. 2011) (citing *Slaughter v. Qualls,* 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942). *See also Aguero v. Ramirez,* 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). TEX. PROP. CODE ANN. § 51.002 (West Supp.2007); *Tierra Sol Joint Venture v. City of El Paso,* 311 S.W.3d 492, 499 (Tex. App. – El Paso

5

2009, pet. denied); TEX. BUS. & COM. CODE § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.,* 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.)). In Texas, "[a] trustee has no power to sell the debtor's property, except such as may be found in the deed of trust." *University Sav. Ass'n v. Springwoods Shopping Center,* 644 S.W.2d 705, 706 (Tex. 1982).

MERS's assignment of the Deed of Trust is sufficient.[1] As the Fifth Circuit has noted, "[n]umerous federal district courts have addressed [the] question, and each one to analyze Texas law has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Martins*, 722 F.3d at 253. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013); *Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiff's attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS

---

[1]As to his standing here, "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat. Trust Co.,* 735 F.3d 220, 228 (5th Cir. 2013). Nothing in the assignment before the Court appears to be facially invalid.

had the power of sale that was passed to [Defendant] upon MERS's assignment." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) (quoting *Richardson*, 2010 WL 4818556, at *5). *See also Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *McAllister v. BAC Home Loans Serv., LP*, 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011) *Schieroni v. Deutsche Bank National Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011). In short, the documents before the Court set forth Defendant's authority to enforce the Deed of Trust.

The Deed of Trust attached to Plaintiff's petition provides:

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property...

Dkt. 3 at 11. Also attached to Plaintiff's petition is a June 15, 2011 Assignment of Deed of Trust assigning MERS's rights in the Deed of Trust to HSBC Bank. *See* Dkt. 3 at 18.

The plain language of the Deed of Trust grants MERS and its assigns the power of sale, and Plaintiff has not challenged the validity of the Deed of Trust. Plaintiff's challenges are not enough to state a claim. *See Wiley v. Deutsche Bank Nat. Trust Co.*, 2013 WL 4779686, 2 -3 (5th Cir. 2013) ("In this case, the deed of trust unquestionably names MERS as its beneficiary; MERS transferred the deed of trust to Deutsche Bank and recorded that transfer. The Wileys' claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of Texas

law.").

Because Plaintiff has failed to state any facts entitling him to any relief as to his challenge of Defendant's authority to foreclose, he is not entitled to a declaratory judgment. *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."). Having reviewed the record before it, the Court finds that no facts are stated that would show that Defendant could not act under the Deed of Trust to foreclose. Of critical importance to the Court here is that the documents before the Court show the assignment of interests as to the Property. *Martins*, 722 F.3d 252 ("There is no doubt that the mortgage was transferred by MERS to BAC, which presented a signed, notarized assignment document that had also been recorded by the county clerk."). The Court further notes that no facts are alleged in Plaintiff's complaint that Plaintiff was – or is – current on his loan payments and not in default such that foreclosure would not be warranted. Because there is no likelihood of success on the merits of his claim, his requests for injunctive relief also fail.

## RECOMMENDATION

Therefore, the Court recommends that Defendant HSBC's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 7) should be GRANTED and that Plaintiff's claims here should be dismissed with prejudice for failure to state a claim.

***The deadlines set forth in the Court's September 11, 2013 Scheduling Order (Dkt. 11) are hereby ABATED pending the District Judge's consideration of this report and recommendation. Should the matter not be dismissed, the parties are directed to file an amended agreed proposed scheduling order within ten (10) days of the District Judge's disposition of the motion to dismiss.***

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 14th day of February, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE